**EXHIBIT A**

STIPULATED SETTLEMENT AGREEMENT

Case No. 1:25-cv-21190, Center for Biological Diversity v. U.S. Fish and Wildlife Service et. al.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-21190-SINGHAL

CENTER FOR BIOLOGICAL
DIVERSITY,

v.

U.S. FISH AND WILDLIFE SERVICE, *et al.*
_____/

STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity ("Center" or "Plaintiff"), and Defendants U.S. Fish and Wildlife Service ("Service"); Doug Burgum, in his official capacity as Secretary of the Interior, and Brian Nesvik, in his official capacity as Director of the Service (collectively, "Defendants"). In support of this Agreement, Plaintiff and Defendants (collectively, the "Parties"), by and through their undersigned counsel, state as follows:

WHEREAS, the Endangered Species Act ("ESA") provides that within one year of determining that listing a species is warranted and publishing a proposed rule to list a species, the Secretary shall publish in the Federal Register a final listing determination as to whether a species is an endangered species or a threatened species; a notice that the one-year period is being extended for substantial disagreement regarding the sufficiency or accuracy of the available data; or, in the event of withdrawal, a notice of the withdrawal together with the finding, subject to judicial review, on which such withdrawal is based, 16 U.S.C. § 1533(b)(6);

WHEREAS, the ESA requires the Secretary to designate critical habitat, to the maximum extent prudent and determinable, concurrent with a final listing determination that a species is an endangered species or a threatened species. *Id.* § 1533(a)(3)(A), § 1533(b)(6)(C)(ii).

WHEREAS, the ESA requires the Secretary to publish a final regulation implementing a proposed critical habitat designation within one year of publishing the proposed critical habitat designation, *id*. § 1533(b)(6)(A)(ii); if at the time of a final listing determination the Secretary

determines that designation of critical habitat is not then determinable, the Secretary may take up to one additional year to publish a final critical habitat designation. *Id.* § 1533(b)(6)(C)(ii).

WHEREAS, on September 27, 2022, the Service issued a proposed rule, Endangered and Threatened Wildlife and Plants; Threatened Species Status with Section 4(d) Rule for Florida Keys Mole Skink and Designation of Critical Habitat, 87 Fed. Reg. 58,648 (Sept. 27, 2022), proposing to list the Florida Keys mole skink as a threatened species under the ESA and proposing to designate its critical habitat;

WHEREAS, on October 14, 2022, the Service issued a proposed rule, Endangered and Threatened Wildlife and Plants; Endangered Species Status for Rim Rock Crowned Snake and Key Ring-Necked Snake and Designation of Critical Habitat, 87 Fed. Reg. 62,614 (Oct. 14, 2022), proposing to list the rim rock crowned snake and the Key ring-necked snake as endangered species under the ESA and proposing to designate their critical habitat;

WHEREAS, the Service has not yet issued a final listing determination for the Florida Keys mole skink, the rim rock crowned snake, or the Key ring-necked snake;

WHEREAS, on September 29, 2016, the Service issued a final rule, Endangered and Threatened Wildlife and Plants; Endangered Species Status for *Chamaecrista lineata* var. *keyensis* (Big Pine Partridge Pea), *Chamaesyce deltoidea* ssp. *serpyllum* (Wedge Spurge), and *Linum arenicola* (Sand Flax), and Threatened Species Status for *Argythamnia blodgettii* (Blodgett's Silverbush), 81 Fed. Reg. 66,842 (Sept. 29, 2016), listing the Big Pine partridge pea, wedge spurge, and sand flax as endangered species, and listing the Blodgett's silverbush as a threatened species;

WHEREAS, the September 29, 2016 final listing rule for the Big Pine partridge pea, wedge spurge, sand flax, and Blodgett's silverbush found that critical habitat was not then determinable for those species;

WHEREAS, on October 6, 2017, the Service issued a final rule, Endangered Species Status for *Dalea carthagenensis* var. *floridana* (Florida Prairie-clover), and Threatened Species Status for *Sideroxylon reclinatum* ssp. *austrofloridense* (Everglades Bully), *Digitaria pauciflora* (Florida Pineland Crabgrass), and *Chamaesyce deltoidea* ssp. *pinetorum* (Pineland Sandmat), 82

2

Fed. Reg. 46,691 (Oct. 6, 2017), listing the Florida prairie-clover as an endangered species and the Everglades bully, Florida pineland crabgrass, and pineland sandmat as threatened species;

WHEREAS, the October 6, 2017, final listing rule for the Florida prairie-clover, Everglades bully, Florida pineland crabgrass, and pineland sandmat found that critical habitat was not then determinable for those species;

WHEREAS, on October 14, 2022, the Service issued proposed rules, Designation of Critical Habitat for *Chamaecrista lineata* var. *keyensis* (Big Pine Partridge Pea), *Chamaesyce deltoidea* ssp. *serpyllum* (Wedge Spurge), *Linum arenicola* (Sand Flax), and *Argythamnia blodgettii* (Blodgett's Silverbush), 87 Fed. Reg. 62,502 (Oct. 14, 2022), and Designation of Critical Habitat for *Sideroxylon reclinatum* ssp. *austrofloridense* (Everglades bully), *Digitaria pauciflora* (Florida pineland crabgrass), *Chamaesyce deltoidea* ssp. *pinetorum* (pineland sandmat), and *Dalea carthagenensis* var. *floridana* (Florida prairie-clover), 87 Fed. Reg. 62,564 (Oct. 14, 2022), proposing to designate critical habitat for the Big Pine partridge pea, wedge spurge, sand flax, Blodgett's silverbush, Florida prairie-clover, Everglades bully, Florida pineland crabgrass, and pineland sandmat;

WHEREAS, the Service has not yet issued final critical habitat designations for the Big Pine partridge pea, wedge spurge, sand flax, Blodgett's silverbush, Everglades bully, Florida pineland crabgrass, Pineland sandmat, or Florida prairie-clover;

WHEREAS, as required by 16 U.S.C. § 1540(g)(2), Plaintiff sent Defendants letters dated August 15, 2024, stating its intent to file suit for alleged violations of the ESA;

WHEREAS, on March 13, 2025, Plaintiff filed a Complaint in the above-captioned case, Dkt. 1, to compel the Service to, by dates certain, 1) finalize proposed regulations listing the Florida Keys mole skink as a threatened species and the Rim Rock crowned snake and Key ring-necked snake as endangered species, and designating critical habitat, and 2) finalize proposed regulations designating critical habitat for the Big Pine partridge pea, wedge spurge, sand flax, Blodgett's silverbush, Everglades bully, Florida pineland crabgrass, pineland sandmat, and Florida prairie-clover;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a

3

settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

NOW, THEREFORE, the parties agree as follows:

1. On or before July 16, 2026, the Service shall, pursuant to 16 U.S.C. § 1533(b)(6), submit to the *Federal Register* for publication final listing determinations for the Florida Keys mole skink, the rim rock crowned snake, and the Key ring-necked snake.

2. On or before January 20, 2027, the Service shall, pursuant to 16 U.S.C. § 1533(b)(6), submit to the *Federal Register* for publication final critical habitat designations for the following species: Big Pine partridge pea, wedge spurge, sand flax, and Blodgett's silverbush.

3. On or before January 20, 2027, the Service shall, pursuant to 16 U.S.C. § 1533(b)(6), submit to the Federal Register for publication final critical habitat designations for the following species: Everglades bully, Florida pineland crabgrass, Pineland sandmat, and Florida prairie-clover. The January 20, 2027 deadline shall be automatically extended by ninety (90) days if any of these final critical habitat designations are identified as a "significant regulatory action" for purposes of Executive Order 12866.

4. The deadlines in Paragraphs 2 and 3, including the deadline in Paragraph 3 as extended by the ninety (90) day period, shall be extended automatically by another thirty (30) days in the event that interagency review exceeds ninety (90) days. *See* Executive Order 12866 § (6)(b)(2)(B)–(C) (Sept. 30, 1993).

5. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1, 2, and 3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The Parties agree that they will meet and confer

(either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

6. In the event that Defendants fail to meet any deadline specified in Paragraphs 1, 2, 3, and 4 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

7. Plaintiff reserves the right to request attorneys' fees and costs from Defendants pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g), and Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defense that they may have to any fees and costs request from Plaintiff. The Parties agree to the following schedule for addressing attorneys' fees and costs:

   a. Within forty-five (45) days of the entry of the order by this Court approving this Agreement, Plaintiff will provide to Defendants an itemization of the attorneys' fees and costs it seeks to recover to allow Defendants to assess whether settlement of such claims is possible.

   b. Within sixty (60) days of Defendants' receipt of this itemization of the Plaintiff's proposed fees and costs, the Parties will notify the Court whether they have reached a settlement as to the payment of Plaintiff's attorneys' fees and costs by Defendants.

   c. If the Parties have not reached agreement on attorneys' fees and costs at the time that they provide this notice to the Court, Plaintiff may move within thirty (30) days of that date for the Court to award attorneys' fees and costs. Briefing and adjudication of Plaintiff's motion for attorneys' fees and costs and Defendants' opposition thereto will then proceed as provided in Southern District of Florida General Local Rule 7. In the event that Plaintiff files such a motion, Defendants reserve the right to contest entitlement to and/or the

reasonableness of the amount of Plaintiff's claims to attorneys' fees and costs, including the hourly rates and number of hours billed.

8. By this Agreement, Plaintiff does not waive any right to seek additional fees and costs incurred in any future litigation or continuation of the present action. Additionally, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action.

9. This Agreement requires only that Defendants take the action specified in Paragraphs 1, 2, 3, and 4. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any finding required herein, or as to the substance of any findings made pursuant to Paragraphs 1, 2, and 3 of the Agreement. To challenge any finding issued pursuant to Paragraph 1, 2, or 3, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

10. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline regarding the listing or designation of critical habitat for any species.

11. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Nothing in this Agreement may be construed or offered as evidence in any proceeding as to what may constitute a reasonable timeline for making findings regarding the listing of any species. Except as expressly provided in this Agreement, none of the Parties waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent in any other context.

12. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law or regulation.

13. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all of the terms of agreement between the Parties concerning the Complaint and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

15. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement and retaining jurisdiction to enforce it.

16. Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee any motion for attorneys' fees and costs, compliance with the terms of this Agreement, and resolution of any motions to modify such terms, until Defendants satisfy their obligations under this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: February 4, 2026

        Respectfully submitted,

        ADAM R.F. GUSTAFSON,
        Principal Deputy Assistant Attorney General

U.S. Department of Justice
Environment & Natural Resources Division
NICOLE M. SMITH, Assistant Section Chief

/s/ *Sara M. Warren*
SARA M. WARREN (GA Bar No. 966948)
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel:    (202) 598-5785
Fax:    (202) 305-0275
Email:  sara.warren@usdoj.gov

*Attorneys for Defendants*

/s/ *Rachael Curran*
Rachael Curran (FL Bar No. 1002221)
rcurran1@law.stetson.edu
(727) 537-0802
Jaclyn Lopez (FL Bar No. 96445)
jmlopez@law.stetson.edu
(727) 490-9190
Jacobs Public Interest Law Clinic
for Democracy and the Environment
Stetson University College of Law
1401 61st St. S.
Gulfport, Florida 33707

*Attorneys for Plaintiff*